PHILLIP A. TALBERT
Acting United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00165-KJM-KJN |
| Plaintiff, | |
| v. | CONSENT JUDGMENT OF FORFEITURE |
| APPROXIMATELY $9,200.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On May 4, 2016, agents with the United States Postal Inspection Service ("USPIS") seized approximately $9,200.00 in U.S. Currency ("the defendant currency") from Oniel Garcia ("Garcia") during a parcel interdiction at the Processing and Distribution Center located in West Sacramento, California.

2. USPIS commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about July 14, 2016, USPIS received a claim from Loraine Rivera ("Rivera") asserting an ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on May 4, 2016, USPIS conducted a parcel interdiction at the Processing and Distribution Center located at 3775 Industrial Boulevard, West Sacramento, California.  During the interdiction, law enforcement officials

identified a parcel that bore markers consistent with parcels used for shipping contraband. The package was addressed to Oniel Garcia, 18405 Chaparral Drive, Penn Valley, California, 95946, with the following return address: Rick Rodriguez, 215 NW 17th Court, Miami, Florida, 33125. Law enforcement officials were unable to find Rick Rodriguez associated with this address. The parcel was presented to a drug detection dog, who positively alerted to the presence of the odor of narcotics.

4. The United States represents that it could further show at a forfeiture trial that law enforcement officials contacted Garcia, who stated that there was approximately $8,700 inside the package from his friend "Ricky" who lived in Florida. Garcia said he and Ricky bought and sold vintage cars and trucks. Garcia stated he was in search of a 1953 Ford F100 that he would purchase and then ship the truck to Ricky who would then sell it in Florida. Garcia said he searched for the truck in Sacramento, but had not found one yet. He said he had previously bought and shipped cars to Ricky. Garcia gave consent to open the parcel. Upon opening the parcel, law enforcement officials discovered a black heat-sealed bag. Inside the black heat-sealed bag was a brown envelope that contained the defendant currency ($9,200). Garcia admitted he had a misdemeanor arrest in Florida for selling marijuana and that he had a "grow", which consisted of about 14 marijuana plants in his house.

5. The United States represents that it could further show at a forfeiture trial that law enforcement officials called the phone number Garcia had provided for Ricky, identified themselves, and asked Ricky if he mailed the parcel to Garcia. Ricky confirmed he mailed the parcel with money to Garcia and said it was for a 1953 Ford. Ricky said the Ford Garcia purchased was in Miami, Florida at a shop owned by Garcia's uncle. Ricky was unable to provide an address for the uncle's shop and said this was the first car he bought from Garcia.

6. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

7. Without admitting the truth of the factual assertions contained above, claimants Rivera, Garcia, and Richard Navarro specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimants agree that an adequate factual basis exists to support forfeiture of the defendant currency. Loraine Rivera acknowledged that she is the

sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimants shall hold harmless and indemnify the United States, as set forth below.

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

9. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

10. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $4,600.00 of the Approximately $9,200.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $4,600.00 of the Approximately $9,200.00 in U.S. Currency shall be returned to claimant Loraine Rivera through her attorney Gennaro Cariglio, Jr.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Claimants waived the provisions of California Civil Code § 1542.

/////

    5.    No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

    6.    All parties will bear their own costs and attorney's fees.

    7.    Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED:   November 30, 2016

_____
UNITED STATES DISTRICT JUDGE